UNITED STATES DISTRICT COURT

DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| BENJAMIN C. SMITH, <br> 1320 ALLISON ST. <br> HELENA, MT 59601 <br> Plaintiff, <br> VS. <br> CONSUMER CELLULAR INC, <br> an Oregon corporation, <br> 12447 S.W. 69TH Ave <br> Tigard, OR 97223, and <br> TARGET STORE'S INC, a <br> Minnisota corporation, <br> 100 Nicollet Mall, <br> Minneapolis, MN 55403 <br> Defendant(s). | MAR 2 4 2021 <br> Clerk, U.S. Courts <br> District of Montana <br> Missoula Division |

**COMPLAINT**

Comes now the Plaintiff in the above styled action and does show cause for complaint as follows:

(1). This is an action sustained by, Benjamin C. Smith, and sues the defendants jointly, Consumer Cellular, an Oregon Corporation, and TARGET STORES INC., a Minnesota Corporation, alleging:

    (a). false advertisement, (b) interference with adequate cellular service, (c) interference with customer choice.

1

## NATURE OF THE CASE

(2) This concise case is predictated upon the aspects of, false advertisement as to a nation wide scheme, and corrupt turn and twist, where corporate defendants, CONSUMER CELLULAR frivolously and falsely advertises upon nationwide television that the companies cellular towers, and wireless service is most competent, and claims to be the best cellular service in comparison to Verizon, T-Mobile, Straight Talk, and AT&T.

(3) As to corporate defendants, TARGET STORES INC. the company in fact exists as a joint partner and selling agent along side and together with CONSUMER CELLULAR, whom which condones and ratifies the clear scheme of CONSUMER CELLULAR.

(4) Joint defendants, together engage into a fraudulent scheme, and false advertising to a widespread numeration of customers nationwide, and in Montana.

## JURISDICTION AND VENUE

(5) This court obtains jurisdiction over this case based upon diversity of citizenship, where the parties are citizens of different states. **28 U.S.C.§1332.**

(6) The Plaintiff party is a resident of the state of Montana, and has resided in Montana at all times material to this action.

(7) Corporate defendants, CONSUMER CELLULAR, obtains its principal place of business in the state of Oregon, and does business in the state of Montana.

(8) Corporate defendants, TARGET STORES INC., obtains its principal place of business in the state of Minnesota, and does business in the state of Montana.

(9) Venue is proper in the district of Montana, because each event giving rise to this action accrued in the district of Montana. **28 U.S.C. §1391.**

## PARTIES

(10) Plaintiff BENJAMIN SMITH, is a former customer of CONSUMER CELLULAR wireless services, in Helena, Montana, and has been defrauded out of competent cellular services as such.

(11) Corporate defendants, CONSUMER CELLULAR INC., exists as a nation wide wireless cellular phone company, doing business in Montana, and sells cellular telephones at the concise location of the local Helena TARGET STORE.

(12) Corporate defendants, TARGET STORES INC., exists as a nationwide department store corporation, and has a local store as such in Helena, Montana, and sells upon a joint contract with CONSUMER CELLULAR, wireless telephones.

## STATEMENT OF FACTS

(13) During the month of June, 2018, plaintiff SMITH, in fact signed, and entered into an official contract with CONSUMER CELLULAR wireless services, and purchased his new cellular phone from the local TARGET STORE, in Helena, Montana.

(14) Plaintiff SMITH in fact purchased the CONSUMER CELLULAR telephone pursuant to a, bait and switch, and lure in results of a large numeration of television advertisements through out a lengthy period of time.

(15) Most contrary to CONSUMER CELLULAR's advertisements that their wireless network and tower reception, was in fact better than, Verizon Wireless, Straight Talk Wireless, T-Mobile Wireless, and AT&T Wireless, the facts of such advertisement are most "false, frivolous, and fabricated," at the hands of CONSUMER CELLULAR's chief executive officer, and the companies advertising board, including joint advertisement directions per the chief executive officer of the TARGET STORES corporation.

(16) Pursuant to plaintiff SMITH's complaint addressed to the local Helena TARGET STORES general manager, SMITH was in fact advised per the store manager to make direct contact with (a) the CONSUMER CELLULAR corporate office, and (b) the TARGET STORES corporate office.

(17) Once contacted by SMITH, the assitant to the chief executive officer of the CONSUMER CELLULAR corporation, and made clear to SMITH, that the television advertisement was in fact created and advertised at the hands of a paid spokes person of a hired external advertising firm.

(18) Plaintiff SMITH made most clear to the CONSUMER CELLULAR's C.E.O. assistant that CONSUMER CELLULAR had to obtain suitable knowledge of what was being advertised, and that CONSUMER CELLULAR, ratified and condoned the "false" nature of advertisement.

(19) Plaintiff SMITH through out a period of one year continued to write letters of complaint addressed to the CONSUMER CELLULAR's corporate office as to the false advertising, inadequate cellular service, and interference into his customer choice in which to change his cellular phone carrier.

(20) Plaintiff SMITH further made direct contact with the TARGET STORES corporation as to its nation wide stores continuing to sell CONSUMER CELLULAR wireless telephones, and was directed to speak with the companies inner-departmental advertising panel.

(21) Upon SMITH speaking with the head of TARGET STORES advertising panel, that concise personnel right out ignored SMITH's sincere complaint, and quoted directly to SMITH that there was nothing that he could do, as he was solely acting upon the direction of TARGET STORES chief executive officer.

(22) As to a cause of action of interference with adequate cellular service plaintiff SMITH was in fact traveling from Montana to Nebraska, and during his entire trip, he was not able to utilize his CONSUMER CELLULAR wireless telephone, as so advertised on national television by CONSUMER CELLULAR declaring that their wireless telephones in fact obtained nationwide cellular service.

(23) As to a cause of action of interference with customer choice, during the month of March, 2021, plaintiff SMITH in fact entered into the local Helena Cricket Wireless store in an attempt to change a former CONSUMER CELLULAR phone over to Cricket Cellular service.

(24) The store clerk at Cricket Wireless made clear to the plaintiff SMITH that he was unable to provide service upon this concise phone at the cause that CONSUMER CELLULAR in fact obtained a lock upon the phone preventing any other wireless phone service from being connected upon this phone.

(25) Corporate defendants, TARGET STORES INC., condones and ratifies the false advertising of CONSUMER CELLULAR, and continues to sell within their stores the CONSUMER CELLULAR wireless product.

(26) Plaintiff SMITH upon numerous occasions has not been able to access competent cellular service with his CONSUMER CELLULAR wireless telephone due to the lack of adequate cellular phone towers.

### CLAIM ONE

(27) In clear results of CONSUMER CELLULAR's false advertising upon nationwide television, plaintiff was clearly cheated pursuant to the lack of cellular towers, where competent wireless service was most certainly not provided.

### CLAIM TWO

(28) As to a quality cause of action existing of interference with customer choice, plaintiff was clearly deprived of his consumer right in which to change his cellular phone carrier, at the hands of consumer cellular.

**CLAIM THREE**

(29) As to the clear neglect of defendants TARGET STORES INC. despite the fact that CONSUMER CELLULAR defrauds a widespread number of customers through its false advertising, TARGET STORES still yet carries within its stores, and sells CONSUMER CELLULAR wireless telephones.

WHEREFORE, upon the premises considered, plaintiff respectfully request upon this honorable court the enrty of a judgement as follows:

(a) enjoin defendants CONSUMER CELLULAR, from its nationwide false and fabricated television advertisement resulting into cheating a widespread numeration of customers.

(b) enjoin defendents CONSUMER CELLULAR from continuing to place a lock upon the companies concise wireless telephones preventing a consumer from changing their wireless service to another carrier of the customers clear choice.

(c) Award plaintiff with actual timely damages in result of the lack of adequate cellular service caused by CONSUMER CELLULAR's incompetent cellular towers. ($800,000.

(d) Award plaintiff with punitive damages in an amount of one million dollars.

(e) A civil jury trail is requested.

I declare under penalty of perjury the foregoing to be true and correct.

Signed this 22rd day of March, 2021.

*Benjamin Smith*
SIGNATURE OF PLAINTIFF